```
                    FILED
         CLERK, U.S. DISTRICT COURT

              AUG 29 2012

         CENTRAL DISTRICT OF CALIFORNIA
         BY                       DEPUTY
```

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MAHA VISCONTI,<br><br>Plaintiff,<br><br>v.<br><br>SHERI A. BLUEBOND, individual and judge of the United States Bankruptcy Court of the Central District of California,<br><br>Defendant. | Case No. CV 12-5414 CAS(FFMx)<br><br>[~~PROPOSED~~]<br>ORDER DISMISSING<br>COMPLAINT AND ACTION |

Having reviewed and considered *Amicus Curiae* United States of America's Memorandum of Law in Support of Absolute Immunity of the Federal Bankruptcy Judge Defendant, and Good Cause having been found, the Court finds as follows:

Judicial officers are absolutely immune from civil liability for their judicial acts. Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996); see also Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872). This immunity is "not limited to immunity for damages, but extends to actions for declaratory, injunctive and other

equitable relief." Moore, 96 F.3d at 1243. However, judges are not entitled to judicial immunity for (1) "non-judicial acts," Stump v. Sparkman, 435 U.S. 349, 360 (1978) or (2) when they act in the "clear absence of all jurisdiction," id. at 356-57 (quoting Bradley, 80 U.S. (13 Wall.) at 351).

"Judicial acts" are those "involving the performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." Atkinson-Baker & Assocs., Inc. v. Kolts, 7 F.3d 1452, 1454 (9th Cir. 1993) (citation omitted). In contrast, administrative functions "are actions which are significant independent of the fact that the actor is a judge, such as the hiring or firing of staff members." Partington v. Gedan, 961 F.2d 852, 866 (9th Cir. 1992). The test for determining whether an act by a judge is "judicial" in nature relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles v. Waco, 502 U.S. 9, 12 (1991) (citation omitted). When the function is normally performed by a judge, and the parties dealt with the judge in his judicial capacity, the function will be considered judicial act. Id.; Moore v. Brewster, 96 F.3d at 1243. Here, plaintiff has failed to allege any acts by Judge Bluebond that can be considered "non-judicial."

The second part of the immunity inquiry is whether the alleged acts of any of the judges were performed in the "clear absence of all jurisdiction." See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1388 (9th Cir. 1987). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." Id. at 1389. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump, 435 U.S. at 356. Courts are required to examine the "nature" and "function" of the act, not the "act itself." Mireles, 502 U.S. at 13 (citation omitted). Judicial immunity does not

2

1  disappear as to those acts taken "in excess" of the judges' authority, but only as to
2  those acts taken in the clear absence of all jurisdiction. <u>Id.</u> (the judge defendant
3  had not acted in the complete absence of all jurisdiction, even if he had authorized
4  and ratified the police officer's use of excessive force and therefore had acted in
5  excess of his authority as a judge). None of the allegations in the complaint
6  suggests that Judge Bluebond acted in other than a judicial capacity or in the
7  "clear absence of all jurisdiction."

       Plaintiff's action is *therefore* dismissed with prejudice.

       IT IS SO ORDERED.

DATED: August 29, 2012

                         *Christina A. Snyder*
                         United States District Judge